## Case No. 4,887.

### The FLORIDA.

[4 Ben. 452.][1]

District Court, S. D. New York. Jan., 1871.

H. E. Davies, Jr., Asst. Dist. Atty. and J. B. Craig, for the United States.

Beebe, Donohue & Cooke, for claimant.

BLATCHFORD. District Judge. Admitting that persons acting as agents of the insurrectionary party in Cuba were the real owners of the vessel and her cargo of arms and munitions of war, and that the transaction of the borrowing, by Darr from Castillo, of the money wherewith the vessel and her cargo were purchased, was a sham, and that the vessel was to proceed with her cargo to Vera Cruz, and there vessel and cargo were to be transferred by Darr, their nominal owner, to persons acting for the insurrectionary party in Cuba, and that thence the vessel was to take the cargo to some point off the coast of Cuba, and land it on the shore by the use of rafts made out of the lumber on board, towed by the steam launch on board, through shallow water, to the shore, and that Darr and such real owners of the vessel and cargo had an intent to do all this in fitting out the vessel, and putting her cargo on board, still a violation of the 3d section of the act of 1818 is not thereby made out. A vessel fitted out with intent to do this, is not fitted out with intent to cruise or commit hostilities, within the sense of that section. If so, then every vessel fitted out to run a blockade, with a cargo of munitions of war, is necessarily fitted out, within the sense of that section, to commit hostilities against the country whose forces have instituted the blockade. To land a cargo contraband of war on the shore of the country of one belligerent, at a point not blockaded, is no different an act in its quality of being an act of hostility against the other belligerent, from the running of such a cargo through a blockade into a blockaded port; and the latter act is no act of hostility against the blockading power.

There is no satisfactory evidence that the vessel was furnished, or fitted out, or armed, or attempted to be furnished, or fitted out, or armed, with intent that she should be employed to cruise or commit hostilities, in the sense of the 3d section of the act, in the service of the insurrectionary party in Cuba, against the government of Spain. There is no evidence that she was intended to do anything more than transport her cargo to the coast of Cuba, and cause it to be landed there on rafts, by the aid of the steam launch on board. To do this was no violation of the 3d section of the act, which is the one on which the libel is founded.

The libel is dismissed.